Gilpin, Ch. J.,
delivered the opinion of the Court.
"We do not think that the facts in this case constitute, in contemplation of law, a demise of the premises in question by Brown to Pettyjohn on a render of rent, so as to establish the technical or legal relation of landlord and tenant between them; .but that it must be regarded and considered as nothing more than an agreement for raising, at their mutual expense and labor, a crop of wheat, corn and fodder, on shares between them; Brown, in consideration of "his ownership of the premises, and the abundant means which he was to furnish under the agreement towards making the crop, which was all, and more than all, that a tenant usually furnishes, except the mere labor in planting and tilling the crop, to have two-thirds of the grain and one-half of the fodder, whilst Pettyjohn was'to have the residue of each; which were the shares in which the crop, when thus raised, was to be divided between them. In the agreement itself, as stated, nothing is said about leasing, or letting the premises to Pettyjohn as the tenant of Brown; and nothing is said about rent, as rent, to be paid by him to Brown for them. But the agreement appears to have simply been, “ that he should till a crop of wheat, corn and fodder,” on certain premises belonging to Brown, on the terms and conditions stated; the latter to have two-thirds of the wheat and corn, and one-half of the fodder, and Pettyjohn to have all the rest and residue when the crop should be raised. There is nothing said in all this about paying anything as rent, or as a yearly rent, for the possession and enjoyment of the premises for that length of time; on the contrary, it is rather the language of an agreement merely to till a crop on shares, and to divide it between them, when raised, in the proportions mentioned. *603 And this would constitute them owners, or tenants in common of the crop whilst growing and when matured, until it was severed and so apportioned between them; and which, of course, would give Brown such an undivided interest or property, in common with Pettyjohn, in the crop, as would be liable to levy and sale on a Ji.fa. against him. The case cited from 4 Harr. 569, State v. Frame, though on an indictment for larceny, proceeds on this ground; and all the cases cited by the counsel for the plaintiff recognize and establish this distinction. In the language of one of those cases, Pettyjohn must be regarded rather in the light of a mere cropper than as a tenant, under the facts stated. Had this agreement, however, constituted, in the opinion of the Court, a demise in law of the premises to him, on a reservation, or payment of rent as such, though by paroi, the only process by which Brown’s interest or claim of rent could have been reached by his creditors, would have been by writs of attachment laid in the hands of the tenant, under the provision of the statute. Rev. Code, 430, sec. 67; and in that case judgment would have been rendered for the defendants. There is nothing stated in the case inconsistent in the slightest degree with the view which we have taken of it, except the answer of Pettyjohn on the attachments, and the written notice from Brown to him to leave the premises at the close of the year. But these were declarations and acts of the parties themselves respectively, after the contract had been entered into, aná had for the most part been performed by them; and neither is sufficient or admissible to control the legal construction of the agreement, as it was concluded between them, and has been submitted to us for our consideration and decision, by other parties who have rights and interests depending upon it. Judgment must, therefore, be entered for the plaintiff. V